# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, DEPARTMENT OF LEGAL AFFAIRS<br><br>Plaintiffs,<br><br>v.<br><br>BIG DOG SOLUTIONS LLC, also d/b/a Help Desk National and Help Desk Global, a Florida limited liability company, *et al.*,<br><br>Defendants. | Case No. 16-cv-6607<br><br>Judge John Robert Blakey |

## MEMORANDUM OPINION AND ORDER

Defendants Big Dog Solutions LLC, Inbound Call Specialists LLC, PC Help Desk US LLC, Christopher Costanza and Suzanne Harris (collectively, the "Florida Defendants") have moved to transfer this case to the United States District Court for the Southern District of Florida. [55] at 1-5. Defendants BlackOptek CE Inc., 9138242 Canada Corporation, Digital Growth Properties, LLC, Muzzafar Abbas, Gary Olberman, Donald Dolphin and Justin Powers (collectively, the "Agreed Defendants") have moved to join the Florida Defendants' motion to transfer. [58] at 1. The Federal Trade Commission ("FTC") and the Office of the Attorney General, State of Florida ("Florida Attorney General") (collectively, "Plaintiffs") oppose the Florida Defendants' motion to transfer [66], but Receiver Jeffrey Schneider does not.

[65] at 1. As explained below, the Florida Defendants' motion to transfer is denied, and the Agreed Defendants' motion to join is denied as moot.

I.  **Background**

Plaintiffs allege that Defendants, doing business as Help Desk National, misled customers throughout the United States into paying hundreds of dollars for worthless computer "repairs" and software. [17] at 1-5. Plaintiffs claim that this scheme precipitated violations of the Federal Trade Commission Act, 15 U.S.C. § 45(a) ("FTC Act"), the Telemarking Sales Rule, 16 C.F.R. § 310.3(a)(4) ("TSR"), and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204 ("FDUTPA"). *Id.* at 15-20.

The Florida Defendants are individual defendants from Florida and corporate entities in Florida they either owned or operated. *Id.* at 1-15. The call center used during Defendants' scheme is also located in Florida. *Id.* The Agreed Defendants are individual defendants from Iowa, Toronto, and Montreal, along with the businesses they owned or operated in Iowa, Montreal, and Nevada. *Id.*

The FTC investigated this case out of its office in this district and it has secured the cooperation of numerous witnesses to appear before this Court. [66] at 3. Plaintiffs have also adduced evidence suggesting that over 1,000 customers in this district were harmed by Defendants' scheme. [27] at 11.

II.  **Analysis**

The Florida Defendants' motion is brought pursuant to 28 U.S.C. § 1404(a), which provides that "for the convenience of parties and witnesses, in the interest of

2

justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision to transfer venue under Section 1404(a) requires a weighing of multiple factors. This weighing "necessarily involves a large degree of subtlety and latitude," and, therefore, is committed to the sound discretion of the Court. *Nagle v. The Hartford Life & Accident Ins. Co.*, No. 15-cv-6072, 2015 WL 9268420, at *2 (N.D. Ill. Dec. 21, 2014) (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)). As the moving party, the Florida Defendants bear the burden of demonstrating that the Southern District of Florida is "clearly more convenient." *Id.* (internal citation omitted).

Several factors must be met for an action to be transferred to another venue: (1) venue must be proper in this district; (2) venue and jurisdiction must be proper in the transferee district; (3) the transferee district must be more convenient for both the parties and witnesses; and (4) transfer must serve the interest of justice. *See Delta Air Lines, Inc. v. Perfekt Mktg., Inc.*, 861 F. Supp. 2d 919, 920 (N.D. Ill. 2012). The parties concede that the first and second factors are met, so this Court considers only the convenience of the parties and witnesses and the interest of justice.

### A.     Convenience of the Parties and Witnesses

To evaluate the relative convenience of the venues, this Court must consider four factors: (1) Plaintiffs' choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) the convenience of the parties

and witnesses. *See Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000).

1. **Plaintiffs' Choice of Forum**

Plaintiffs' choice of forum is "entitled to substantial weight" when considering a motion to transfer. *Id.* The Seventh Circuit has repeatedly explained that unless "the balance is strongly in favor the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re Nat'l Presto Indus.*, 347 F.3d 662, 664 (7th Cir. 2003). This principle is particularly forceful where, as here, the Plaintiffs' chosen forum was selected pursuant to a special venue statute which "represents an affirmative congressional policy choice to allow . . . the widest possible choice of forums in which to sue." *SEC v. Electronics Warehouse, Inc.*, 689 F. Supp. 53, 75 (D. Conn. 1988).

Defendants argue that this factor should not be given much weight, as "most of the improper business activity . . . allegedly occurred in South Florida." [55] at 6. Defendants' argument is misplaced. The putative scheme at issue was executed all across the United States and parts of Canada. [17] at 1-5. The record also reflects that over 1,000 customers in this district were specifically targeted by Defendants' scheme. [27] at 11.

Given the broad nature of the alleged scheme and the fact that this district was selected pursuant to a special venue statute, the Court finds that Plaintiffs' choice of forum should be afforded its usual "substantial" weight in the Section 1404(a) calculus.

### 2. Situs of the Material Events

In order to identify the "situs" of material events, this Court must first resolve the parties' dispute regarding which events qualify as "material." Plaintiffs would have us determine that "the situs of material events is wherever consumer injury occurred." [66] at 8 (citing *FTC v. Phoenix Avatar, LLC*, No. 04-cv-2897, 2004 WL 1746698, at *1 (N.D. Ill. July 30, 2004) (transfer motion denied because defendants "transacted business here" by sending emails to consumers in this district)). Defendants conversely suggest that "the situs of material events should be were [sic] the defendant's conduct occurred." [55] at 7 (citing *Rosen v. Spirit Airlines, Inc.*, 152 F. Supp. 3d 1055, 1060 (N.D. Ill. 2015) (finding that the situs of material events was located where the "relevant decisions likely were made by Defendant's employees")).

The Court declines the parties' unnecessary invitation to announce any bright-line rule. The "situs of material events" inquiry is, like all facets of the transfer analysis, fact-intensive and contextual. Depending upon the facts of the particular case, "the situs of material events" can be the place where the Defendants hatched their scheme, the place where Defendants executed their scheme, the place where the injured parties reside, all of the above, or none of the above.

In this case, Defendants' putative scheme was perpetuated by individuals and corporations across the country. *See supra* at 2. These diverse Defendants, in turn, targeted consumers all across the country. *Id.* Given the broad scope of the

alleged scheme and the geographic disparity among the coordinating Defendants, the Court finds that this factor weighs in favor of transfer (even though it carries less weight here than it traditionally receives).

### 3. Access to Sources of Proof

The location of records has no impact on the transfer analysis unless the records are extraordinarily voluminous or otherwise difficult to ship. *Rosen*, 152 F. Supp. 3d at 1060. That is not the case here. Accordingly, the Court finds that this factor is essentially neutral.

### 4. Convenience of the Parties and Witnesses

The Florida Defendants make multiple broad assertions concerning the putative inconvenience of litigating in this forum, but as explained below, they have failed to support their arguments with the requisite degree of particularity.

#### a) The Parties

The Court is persuaded that the convenience of the parties is essentially a neutral factor. Only two of the six individual defendants reside in Florida. The remaining four individual defendants live hundreds of miles away; in fact, these other defendants live closer to this district. And while the Florida Defendants have claimed that they would be inconvenienced by having to litigate in this forum, their arguments on this point largely focus upon the fact that their counsel is located in Florida. Convenience to counsel, however, is not relevant to the balancing test implicated by a motion to transfer.

From Plaintiffs' perspective, the Florida Attorney General would obviously not be inconvenienced by the prospect of litigating in the Southern District of Florida. The FTC, however, has reasonably set forth the heavy financial and logistical burdens transfer would impose upon it, given that its investigation was conducted in this district. *See supra* at 2.

### b) The Witnesses

Given the record as whole, the Court is similarly unpersuaded that transfer would serve the convenience of potential witnesses. In lieu of naming their specific prospective witnesses and the subject matter of their testimony, the Florida Defendants initially identified a full roster of their former employees and reminded the Court of its limited subpoena power. [55] at 8-9. This generalized invocation remains insufficient to carry movants' burden at this stage, as "the party seeking transfer bears the burden of specifying the key witnesses to be called and summarizing their expected testimony." *Nat'l Tech., Inc. v. Repcentric Sols.*, No. 13-cv-1819, 2013 WL 3755052, at *7 (N.D. Ill. July 16, 2013).

On reply, the Florida Defendants attempted to rectify their previous failing by identifying twelve potential witnesses located in Florida. [69-1] at 4. Each of these witnesses is a former employee of the Florida Defendants, and they would each apparently be testifying regarding the same general topics: "the overall operation of the call center, training procedures and practices, sales techniques and sales script, customer service procedures, interactions with customers and the validity of the tech support services at issue." *Id.*

7

Nevertheless, this Court's analysis is not substantially altered by the belated identification of these specific witnesses. As the FTC explained at oral argument, the proposed testimony of these witnesses would be cumulative of both one another and the other evidence in this case. The information reflected in this proposed testimony is also available to the parties via other means, including but not limited to the testimony of the Florida Defendants themselves or potential expert testimony. Finally, these proposed low-level employee witnesses are a far cry from the "key" individuals who are typically the focus of this inquiry.

The FTC, on the other hand, has identified numerous third party witnesses who have already contributed to their investigation and are located in, or willing to come to, this district. [66] at 12-14. Given the foregoing, the Court finds that this factor is essentially neutral.

### B. Interest of Justice

In considering the interest of justice, courts analyze such factors as: (1) ensuring the efficient administration of justice; (2) having the trial before a judge who is familiar with the applicable law; and (3) the relative desire of communities to adjudicate matters that affect them directly. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986).

#### 1. Efficient Administration of Justice

Defendants suggest that the efficient administration of justice counsels in favor of transfer, given the discrepancy between the "time-to-trial" statistics available for this district and the Southern District of Florida. [55] at 12. The

Court is unpersuaded by this argument. As a preliminary matter, such statistics are inherently imprecise. *See Lang v. NeoGenomics Labs., Inc.*, No. 11-cv-7158, 2012 WL 588963, at *2 (N.D. Ill. Feb. 22, 2012) ("General statistics of this sort are, in this Court's view, relatively meaningless in the section 1404(a) analysis. They consist of averages for cases of all types and tell the reader nothing about cases of the particular type at issue."). More importantly, this Court is happy to set an early and firm trial date for the parties, and to do so well-within any average "time-to-trial" in the Southern District of Florida. *See Rosman Adjustment Corp. v. Bernay*, No. 12-cv-8239, 2013 WL 453197, at *4 (N.D. Ill. Feb. 6, 2013) ("time-to-trial statistics are not a significant factor" because court was "ready and willing to set a trial date" in line with the average of the proposed transfee venue). If anything, the efficient administration of justice counsels against transfer, given this Court's familiarity with the record.

### 2. Familiarity With Applicable Law

As mentioned previously, Plaintiffs' claims are brought pursuant to the FTC Act, the TSR and the FDUTPA. Federal courts are presumed to be similarly familiar with federal law, and the only state law at issue here specifically notes that courts interpreting it should give "due consideration and great weight . . . to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a)(1) of the Federal Trade Commission Act." Fla. Stat. § 501.204(2). Accordingly, the Court finds that this factor is neutral.

### 3. Relation of the Community to the Occurrence

The Court finds that this factor is also neutral. While Florida residents certainly have an interest in the pending litigation, the Defendants ostensibly targeted over 1,000 residents in this district as well. *See supra* at 2.

### III. Conclusion

Because transfer would serve neither the convenience of the parties nor the interest of justice, the Court declines to disturb Plaintiffs' choice of forum. The Florida Defendants' motion to transfer [55] is denied, and the Agreed Defendants' motion to join [58] is denied as moot.

Dated: September 27, 2016

Entered:

_____
John Robert Blakey
United States District Judge